## N. Y. COMMON PLEAS.

JENNIE E. ERKENBRACH agt. GEORGE A. ERKENBRACH.

*Divorce — Alimony — Decree of separation without any provision for mainte-
nance of wife — Cannot afterwards be changed on application of the wife so
as to make such provision.*

When a decree of separation from bed and board has been entered in favor
of a wife against her husband, without any provision for the maintenance
of the wife, she cannot afterwards have the decree changed so as to
make such provision, by showing that the husband's pecuniary circum-
stances are such that an allowance of alimony would be proper.

*Special Term, May,* 1882.

*J. A. Welch,* for plaintiff.

*Joseph J. Marrin,* for defendant.

VAN BRUNT, J. — On the 2d day of August, 1869, a decree of separation from bed and board was entered in favor of the plaintiff in this action, and the care, custody and education of the children of the parties was committed to the plaintiff. The decree is entirely silent on the question of alimony. The plaintiff in this action, alleging that the defendant has prop-

erty and an income, some portion of which should be devoted to the support of herself and her children, has made this motion for an order compelling the defendant to pay such alimony. An order of reference was made to ascertain the amount which should be paid, and upon the coming in of the referee's report, this motion was made for the relief prayed for upon the original motion.

Objection was taken that the court had no power to make the order in question; that the statute nowhere confers such authority, and that in view of the provisions of the statute no authority can be inferred

It is admitted upon the part of the plaintiff that the statute nowhere authorizes the proceeding in question, but claims that it is a necessary incident to the jurisdiction conferred upon the court by the statute, and which is indispensable to its proper exercise.

In support of the proposition in question, the case of *Griffin* agt. *Griffin* (47 *N. Y.*, 184) is cited, and, in the opinion of the court in that case, it is distinctly stated that the courts of this state are not vested with the jurisdiction of the ecclesiastical courts of England in matrimonial cases, and that they never possessed any jurisdiction in cases of divorce other than that which was conferred by our own statutes; which is a distinct repudiation of the idea that the decisions in the ecclesiastical courts of England upon questions of this character can have any weight. It is further said, however, that in regard to certain matters in respect to which the statute is entirely silent, it has been the constant practice of the court of chancery to make equitable provision, upon the ground of the general equitable jurisdiction of the court; and also upon the ground that when our statutes did confer jurisdiction upon the court in actions for divorce, which by the English law were solely cognizable by the ecclesiastical courts, the grant of that jurisdiction carried with it by implication the incidental powers which were indispensable to its proper exercise, and not in conflict with our own statutory regulations on the

same subject. The purport of this decision being that as far as the statute legislates upon any of the subjects connected with matrimonial actions, such legislation is exclusive; but where the statute has failed to provide for the incidental powers which are indispensable to the proper exercise of the jurisdiction conferred by the statute in actions for divorce, it has been the constant practice of the courts to claim that the grant of jurisdiction carried with it by implication the incidental powers which were necessary to its proper exercise, and not in conflict with statutory regulations on the subject. It is, therefore, apparent that the practice in the ecclesiastical courts in England in matrimonial cases, has no application whatever to proceedings in the courts of this State. It is, therefore, necessary to consider how far the statute has legislated upon the subject now before us for consideration, and to examine, as far as may be possible, the construction which has been placed by the courts upon such legislation. There does not seem to have been any adjudication upon the section of the statute giving the court the power to make provision for the suitable support and maintenance of a wife and her children, upon decreeing a separation from bed and board. There has, however, been an adjudication by the court of appeals, construing the section giving the court power upon a decree *a vinculo* to provide for the maintenance of the wife and children of the marriage, an examination of which case, it seems to me, throws great light upon the construction which must be placed upon the section first above mentioned, the legal effect of the language of this section being, as far as I am able to judge, identical with that which is construed in the case of *Kamp* agt. *Kamp* (59 *N. Y.*, 212). In this case it is said : " Section 45 (2 *Stat. at Large*, 151) provides that, if a wife be complainant, and a decree dissolving the marriage be pronounced, the court may make a further decree or order against the defendant, compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance to the complainant for her

Erkenbrach agt. Erkenbrach.

support as the court shall deem just, having regard to the circumstances of the parties, respectively. Section 59 provides that in any suit brought by a married woman for a divorce, or for a separation, the court in which the same shall be pending may, during the pendency of the cause, or at its final hearing, or afterward, as occasion may require, make such order, as between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper, and may, at any time thereafter, annul, vary or modify such order. It will be seen that section 45 confers power upon the court to make proper provision, in the decree dissolving the marriage, for the maintenance of the children thereof, and, also, a suitable allowance to the wife, having regard to the circumstances of the parties. This provision is to be made by, and constituted a part of, the decree, and be based upon the then circumstances of the parties. The decree in this respect is not to be modified by subsequent changes in such circumstances. By the dissolution of the marriage, the relation of husband and wife between the parties ceases to exist, and the subsequent relations of the parties are the same as though no marriage had ever been had. The claim of the wife for support is to be determined by her situation and probable wants, and the ability of the husband to provide therefor at the time of making the decree. If, at this time, such facts do not require the court to make such a provision, and it is not made by the decree, it is equally final in respect thereto, as though such provision was made. The wife has no right afterward to come in and show that, although from her situation or the circumstances of the husband at the time of rendering the decree, a provision for her support would not have been proper, yet subsequent changes require it to be made. This would entirely set aside that provision of section 45 requiring that, in making such provision, regard must be had to the circumstances of the parties at that time. * * * All this appears from section 45 of the statute; but if any possible doubt as to this

remained it would be removed by section 59, which carefully confers the power of subsequently modifying the decree in respect to the custody, care and education of the children of the marriage, while conferring no such power to modify the decree in respect to the support of the wife."

It is true, that the learned judge who wrote this opinion, states further, that " cases in which a separation — in other words, of divorce from bed and board — have been decreed, are not analogous. In the latter, the relation of husband and wife still exists between the parties, the rights and duties resulting therefrom being merely suspended by the judgment. In the former, as we have seen, that relation is terminated by the decree, and the subsequent relation of the parties the same as though no marriage between them had ever occurred." But in view of the construction which was placed upon the language of the statute which was being discussed in that case, such language being, as has already been said, identical in legal import with that section now under consideration, it is difficult to see how the considerations which are here referred to can be entertained for the purpose of giving a different construction to similar statutory language. An examination of the two sections shows how closely the provisions of the one resemble the provisions of the other. The language of section 45 is, "if a wife be the complainant and a decree dissolving the marriage be pronounced." The language of section 54 is, " upon decreeing a separation in any such suit." The time referred to in the above clauses seems to be identical; in the one case, it is at the time of pronouncing the decree dissolving the marriage, and in the next case it is upon decreeing a separation. It is difficult to see what difference in the legal construction of this language can be pointed out. Section 45 then provides " the court may make a further decree or order against the defendant compelling him to provide for the maintenance of the children of the marriage, and to provide such suitable allowance to the complainant for her support as to the court shall seem just, having regard to the

circumstances of the parties respectively." Section 54 says "the court may make such further decree as the nature and circumstances of the case may require, and may make such order and decree for the suitable support and maintenance of the wife and children, or any of them, by the husband or out of his property as may appear just and proper." In the case of *Kamp* agt. *Kamp*, the court held that the authority conferred in section 45 upon the court to make a further decree or order against the defendant, compelling him to provide for the wife, is an authority to be exercised at the time of the making the decree dissolving the marriage, and must constitute a part of such decree, and be based upon the then circumstances of the parties, and that if no such provision is made in such decree the court has no power to entertain any subsequent application in respect thereto. Section 54 contains no language which tends in the slightest degree to confer any further or other authority, in respect to alimony, upon the court upon or after decreeing a separation, than that which is conferred upon the court upon decreeing a dissolution of the marriage. That the legislature supposed that the power conferred upon the court in the two classes of actions by sections 45 and 54 were identical, seems to be completely established by the language used in section 59, which provides as follows: "In any suit brought by a married woman for a divorce or for a separation from her husband, the court in which the same shall be pending may, during the pendency of the cause or at its final hearing, or afterward, as occasion may require, make such order as between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper, and may, at any time thereafter, annul, vary or modify such order."

It will be seen that, by the language of that section, orders for alimony and the custody, care and education of children, in actions for an absolute divorce and in actions for separation, are placed upon precisely the same footing. If this continuing power, which is claimed rests in the court in actions for

separation, existed, then there was no necessity for the legislature including in that section actions for a separation.

It seems clearly to have been the supposition of the legislature that, both in actions for an absolute divorce and in actions for a separation, after the entry of a decree, the court was without any jurisdiction to entertain any further or additional proceedings whatever, unless such was continued by the express provisions of the statute; and, therefore, they have made the provision which is above recited in section 59, authorizing the court, under certain circumstances, to modify, vary or annul provisions contained in the decree in respect to the care, custody and education of the children of the marriage. This provision of the statute would seem, at least by implication, to preclude the assumption of any power by the court to interfere with a decree once pronounced other than in the respects provided for by the statute.

It is true that the opinion from which I have quoted, in the case of *Kamp* agt. *Kamp*, appears to be the dissenting opinion in the case, but in respect to the question as to which the opinion has been quoted, it was the prevailing and unanimous opinion of the court, the dissent arising upon another point which was raised in the case.

I am of the opinion, therefore, that notwithstanding the *dictum* contained in this opinion, indicating that a different construction might be placed upon the statute in actions for a separation, in view of the fact that the language of the statute in respect to the two classes of actions is in legal effect identical, the case of *Kamp* agt. *Kamp* decides that, at least as far as the allowance to the wife in this action is concerned, the same cannot be increased by a subsequent order of the court.

It is not necessary upon this motion to consider or decide what might be done in respect to an allowance for the support of the children of the marriage, because that question is not presented except in conjunction with the increase of the allowance for the support of the wife.

I think that the motion of the plaintiff should be denied.