The general rule is that a party cannot appeal from one judge to another of co-ordinate jurisdiction, by motion for relief, from an order or judgment against him, but must seek his remedy by appeal to a tribunal having appellate jurisdiction in the premises. But the question has usually arisen in cases where the court making the order has had jurisdiction of the subject-matter and of the person of the party against whom the order or judgment has passed. The reason of the rule, which is simply one of convenience, does not apply when the court is entirely without jurisdiction, and the whole proceeding, including the order or judgment, is coram non judice and void. One is not bound to appeal from a void order or judgment, but may resist it and assert its invalidity at all times.
Judge GROVER has clearly demonstrated that the entire procedure to compel the defendant to pay a heavy tribute annually to the plaintiff, under the name of alimony, in a suit terminated by final judgment, divorcing the parties a vinculo, and declaring their rights, more than eighteen years before these proceedings were instituted, is not only without precedent but without jurisdiction. As said in substance by Judge GROVER, the jurisdiction of the court over the subject-matter of the action and over the parties, in respect to all matters involved in it, terminated with the entry of final judgment therein, except to enforce the judgment and carry out its provisions, or to correct any mistakes in the record, upon proper application, made within a reasonable time. The parties, from that time, were no longer husband and wife, and had no claims upon each other growing out of the relations before then existing between them, except such as were given by the judgment. The court had adjudged *Page 216 
that the plaintiff was not entitled to alimony. The law presumes that every question involved in the action — and the right of the plaintiff to alimony was one of those questions — was passed upon by the court, and the claim to alimony, if made, was decided adversely to the plaintiff, and the adjudication was final. The judgment was final not only as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided. (LeGuen v.Governeur, 1 J. Ch., 436, and cases cited at page 492, and in note [a] to 2d edition.) The plaintiff was effectually precluded from all claim to alimony by the judgment. The court then lost jurisdiction over the person of the defendant for every purpose, except so far as might be necessary to enforce the judgment actually given. Jurisdiction could only be acquired over the defendant in any new procedure by the service of a summons, and the commencement of an action in the usual form. There was no action pending. The appearance or non-appearance of the defendant in pursuance of a notice of motion for some order against him, could not and did not give the court jurisdiction, and certainly an appearance and contesting the right of the plaintiff to any relief in the proceedings, as was done here, did not give jurisdiction. If consent could give jurisdiction and authorize the court to proceed summarily to confiscate his property, an appearance by the party and a protest against the proceeding could not operate as such consent and confer jurisdiction. All the orders in the proceeding are unusual in form. It is probable they did not receive the sanction of the learned judges, but were entered without a deliberate settlement by the court.
The want of jurisdiction makes the order and judgment of the court, and the record of its action utterly void and unavailable for any purpose, and the want of jurisdiction may always be set up collaterally or otherwise. (Latham v. Edgerton, 9 Cow., 227; Borden v. Fitch, 15 J.R., 121, per THOMPSON, Ch. J.;Mills v. Martin, 19 id., 7.) The want of jurisdiction to make the orders and give the judgment *Page 217 
complained of, is undoubtedly available to the defendant as a defence to the action referred to in the papers before us, and now pending against him to enforce them, but he is at liberty by a more direct and summary proceeding to have them set aside and vacated, and the fact that proceedings are in progress to enforce them is a reason why the court should listen to his application. Mr. Commissioner EARL, in Fisher v. Hepburn (48 N.Y., 41), gives the true reason why it is not fit that one judge should sit in review of the decisions and judgments of another judge of the same court, and that reason rests not so much on a want of power to correct what has been mistakenly done as the confusion and vexatious litigation that would be likely to arise from so unwise a course in the administration of justice. But the learned judge clearly recognizes the distinction between cases in which the court has jurisdiction and where it has not, reaffirming the rule that when jurisdiction exists, the decision of the court is conclusive, although erroneous, until reversed, while in the absence of jurisdiction it is a nullity; and he examines the question of jurisdiction in the matter then under consideration and coming to the conclusion that there was jurisdiction, applies the rule that one judge shall not sit in review of the actions of another judge of co-ordinate jurisdiction, clearly implying that the question of jurisdiction could be raised in a collateral proceeding to vacate the action of another judge. The syllabus of the case as reported limits the rule under consideration to those cases where the court making the decision, or rendering the judgment, sought to be set aside on motion, has jurisdiction. Judge DAVIES, counsel for the appellant, invoking the benefit of the rule, arguendo, limits it to cases where the court has jurisdiction, and does not claim for it a more comprehensive reach, and insists upon the application of it because the court had jurisdiction in the proceedings attacked, and in this he was sustained by the court. Courts of equity entertain jurisdiction to set aside judgments at law, recovered by fraud, or to restrain their execution, and by parity of *Page 218 
reasoning a court having jurisdiction over its own records and judgments may prohibit the enforcement of judgments and orders, which are nullities for want of jurisdiction. An order irregularly granted may be set aside on motion to any judge having power to act, as well as by the judge who granted it. The jurisdiction of courts of criminal jurisdiction may be inquired into upon a writ of habeas corpus, for the discharge of one imprisoned in execution of a sentence. (Ex parte Lange, 18 Wallace, 163; Haggerty v. People, 53 N.Y., 476.)
Judgments of courts proceeding within their jurisdiction cannot be questioned collaterally or by other tribunals except upon appeal upon the ground of mistake or error, but judgments by courts having no jurisdiction are as no judgments, and bind no one. A foreign judgment may be attacked for want of jurisdiction in the court in which it was rendered. (Bank of Australia v.Neas, 16 Q.B., 717; Ricardo v. Garcias, 12 Cl. Fin., 368;Hoffman v. Hoffman, 46 N.Y., 30.) The application in the case before us is not to reverse the judgment and decision of the court making the orders, or to reconsider the merits of the controversy, but to arrest the proceedings for enforcing a void judgment. The court had the power to inquire into the authority by which any judgment or order appearing of record, and of which parties were claiming the benefit and seeking the execution, and this power was not confined in its exercise by any rule of practice or principle pertaining to the administration of justice to any particular branch or judge of the court. It was a jurisdiction proper to be exercised by any one of the judges, in the exercise of the power to give summary and equitable relief vested in the court.
I am for reversing the orders of the General and Special Terms of the court, and granting the motion to vacate the orders of November 11, 1871, and March 30 and May 23, 1872.