ROBERT P. KNAPP, APPELLANT, *v.* ALFRED B. POST, RESPONDENT.

*Setting aside judgment — not granted on a second motion, after denial of motion for new trial on judge's minutes.*

After a motion for a new trial has been made upon the minutes of the justice before whom the action was tried, and by him denied, it is error for another justice to entertain and grant another motion to set aside the judgment on the ground of "error and manifest injustice."

A new trial can only be granted in such a case upon an appeal from the first order.

APPEAL from an order made at Special Term setting aside and vacating a judgment in this action, and granting a new trial.

*George W. Green*, for the appellant.

*Bacon & Duryea*, for the respondent.

GILBERT, J. :

This action was tried before Mr. Justice BARNARD and a jury, and resulted in a verdict for the plaintiff. At the close of the trial the defendant moved for a new trial on the minutes. Such motion was argued on a subsequent day, and denied. Thereupon, judgment was entered November 24, 1875. In January following, the defendant made a motion before Mr. Justice DYKMAN upon all papers and proceedings in the cause and upon affidavits, for a new trial, on the ground of surprise, newly discovered evidence, manifest injustice and error in the evidence and verdict of the jury. That motion was denied January 10, 1876, without prejudice to the right of the defendant to make the same motion *on the case made*, as might be proper. Afterward the case was settled. Then the defendant moved, before Mr. Justice DYKMAN, upon that, together with the papers used on the preceding motion, for a new trial upon other grounds, namely : error and mistake in the witnesses, and of manifest injustice having been done the defendant by the evidence and verdict. This motion was granted, and the plaintiff's judgment was vacated.

It will thus be seen that, after a motion upon the minutes had

been denied by the judge who tried the cause, and after a motion on the ground of surprise and newly discovered evidence had been denied by Judge DYKMAN, the last-named judge made the order appealed from, on the ground of error and manifest injustice.

We are of opinion that the proceeding is altogether erroneous. It was nothing more than a retrial of the cause upon affidavits. If the practice here pursued should be authoritatively established, few verdicts would stand. It costs defeated parties little effort to show by *ex parte* affidavits that their defeat is attributable to error and manifest injustice, rather than their own neglect or mistakes, and it is far easier to get rid of a verdict and judgment in that way than by appeal. But the law does not allow such a practice. The first motion before Judge DYKMAN was properly made and properly disposed of, for no case of surprise or of newly-discovered evidence, within the legal meaning of those terms, was shown; or if not properly disposed of, the remedy was by appeal from the order. The last motion was simply an appeal from Judge BARNARD to Judge DYKMAN, unless, indeed, "error and manifest injustice" in a judgment may be shown by affidavit, which, as already said, the law does not allow. The remedy of the party injured by such error and injustice is by appeal. (*Kamp* v. *Kamp*, 59 N. Y., 212.)

The order appealed from should be reversed with ten dollars costs and disbursements, and the clerk should be directed to reinstate the judgment.

DONOHUE, J., concurred.

Present — GILBERT and DONOHUE, JJ.

Order reversed, with costs and disbursements.