THOMAS E. CRIMMINS, APPELLANT, *v.* JENNIE C. CRIMMINS, RESPONDENT.

*Judgment of divorce because of the adultery of the wife — the custody of the children is to be awarded to the father — the court cannot subsequently modify the judgment by providing that the mother shall be allowed to see the children.*

January 7, 1879, a judgment was entered in this action by default, granting the plaintiff a divorce from the defendant, on the ground of her adultery, and awarding to him the custody of an infant child, a daughter, about eight years old. In February, 1882, the defendant presented a petition to the court, reciting such proceedings, alleging that the child was living with the plaintiff in the city of New York, that he refused to allow her to see the child, and praying that the judgment might be so modified as to allow her to see the child, from time to time, under such circumstances as the court might think proper. She also stated in her affidavit that since she was divorced from her husband she had led a perfectly domestic and proper life. This latter allegation was denied in an affidavit filed by the plaintiff.

*Held,* that the court had no jurisdiction over the proceedings and no power to modify the judgment as requested.

APPEAL from an order made at a Special Term.

This was an action for a divorce *a vinculo.* The complaint charged the defendant with having committed adulteries, and demanded a dissolution of the bonds of matrimony and that he be awarded the custody of an infant child, a daughter, of the age of about eight years. The bill was taken as confessed. In the final decree the custody of the infant child was awarded to the plaintiff. The action was commenced on the 3d day of December, 1878, and the final decree entered January 7, 1879. In February, 1882, the defendant presented her petition to this court, wherein she recited the proceedings had in the divorce suit, and that the infant child was now living with the plaintiff in the city of New York, and that she, upon two occasions, requested her former husband,

Thomas E. Crimmins, to allow her to see the child, and that he has refused such request, and will not permit her to see and visit the child under any circumstances, and that she is very anxious to have that opportunity, and prays that the decree of divorce be amended by inserting therein a clause permitting the petitioner to see her said child, from time to time, and in such way and under such circumstances as to the court may seem proper, and for such other and further relief as may appear to be proper under the circumstances.

In an affidavit accompanying the petition she states, among other things, that since she was divorced from her husband she has led a perfectly domestic and proper life.

The plaintiff appeared in opposition to the granting of the motion, and read affidavits tending to show that the defendant had not reformed and was still living an improper and adulterous life. The court at Special Term made an order referring it to a referee to take proof and report to this court as to the conduct of the defendant since the granting of the divorce herein, and whether her life since that time had been free from blemish, and such as to justify a belief in her reformation. From this order the plaintiff appeals to this court.

*Henry R. Beekman*, for the appellant.

*Charles P. Miller*, for the respondent.

BARKER, J.:

In this State when the marital relation is terminated by a decree of this court, the subsequent relation of the parties to each other is the same as though no marriage between them had ever occurred; and they have no claim upon each other growing out of the former relation of husband and wife, except such as may be given to them by the judgment of separation. (*Kamp* v. *Kamp*, 59 N. Y., 212.)

When the decree of divorce is granted upon the application of the husband for the reason of the adultery of his wife, she ceases to have any right to the care, control, education or companionship of the minor children. This is so whether the final decree awards the custody of the children to the father or is silent on that subject.

The court has no jurisdiction on the petition of the wife after

final judgment to enjoin upon the husband or the children the company of the woman who has violated her marriage vows. The idea that the court should interfere and impose upon the former husband the duty of admitting within the privacy of the family his divorced wife is repugnant to every sentiment of virtue and propriety.

The father at all times is regarded as the head of the family and may establish his home at such place as his interest and inclination induces him to select; and he is entitled to the care and custody of his children, with the right to provide for their education and to demand their services. This is subordinate, however, to the interests of the children and to the rights of the public; and the privileges of the husband may be interfered with when his life, habits or misbehavior make a proper case for judicial interference.

Whenever the father's misconduct is such that an interference is demanded, and the marital relation continues between the father and the mother, she is often selected as the most suitable person to have the custody and management of the minor children, and the husband's authority and privilege is limited and controlled according to the circumstances and features of each particular case.

When the mother is selected it is based upon the natural supposition that her virtues and the affection which she has for her children qualify her for the discharge of this duty. But when she is divorced from her husband, and her family broken up by reason of the sins of her life, she is justly deprived of the favor and privilege for which the petitioner now prays.

There is no law nor custom for upholding the proceeding which the petitioner has instituted. It is not based upon the suggestion that there was any irregularity or mistake in entering the final decree with the provision that the custody of the child be given to the father.

This matter might very well be dismissed without further consideration upon the suggestions already made; but the provisions of the Revised Statutes upon the subject of divorce being in confirmation of the views which we have already expressed, they are referred to in support of the order which we direct.

2 Revised Statutes, 148, section 59, chapter 8, is as follows: " In any suit brought by a married woman for a divorce or for a separa-

tion from her husband, the court in which the same shall be pending may, during the pendency of the cause or at its final hearing, or afterwards as occasion may require, make such order, as between the parties for the custody, care and education of the children of the marriage, as may be necessary and proper, and may at any time thereafter annul, vary or modify such order."

This section and its provisions are limited to cases where the wife applies for a divorce or a separation and the husband is the guilty party, conferring upon the court the power to take away from the husband the care, custody and education of the children for the reason of his adultery or on account of his cruelty or misbehavior to his wife.

The section has no application whatever in a suit where the husband is the plaintiff charging his wife with infidelity; nor was it necessary that the statute should provide for the custody of the children as between the father and the mother, for if the father should succeed in maintaining the accusations upon which his suit is based, in that event he would be in the full and complete enjoyment of his common-law privileges as the head of the family and father of the children, independent of any interference on the part of his divorced wife.

It was urged on the argument by the learned counsel for the plaintiff that as the final decree awards the custody of the child to the father that it is binding upon the defendant, and that this court has no jurisdiction to interfere on an application of this character.

We are of the opinion that it was a question which the court had jurisdiction to determine, as between the father and the mother, awarding the custody to the father and depriving the mother of any interference with the care, custody and education of the child, and falls within the case of *Kamp* v. *Kamp* (*supra*), holding that the court has no jurisdiction to interfere and alter or amend the terms of the final decree.

The order of Special Term is reversed.

Brady, P. J., and Daniels, J., concurred.

Order reversed.