THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* THE NATIONAL TRUST COMPANY OF THE CITY OF NEW YORK, RESPONDENT.

IN THE MATTER OF THE APPOINTMENT OF A RECEIVER FOR THE NATIONAL TRUST COMPANY OF THE CITY OF NEW YORK.

*Practice* — *one justice of the Supreme Court cannot review the decision of another, except as to provisional remedies and the cases arising under section 772 of the Code of Civil Procedure.*

December 14, 1877, W. J. Best was appointed the receiver of an insolvent moneyed corporation upon the petition of certain of its stockholders, made under the provisions of the Revised Statutes relating thereto. In April, 1879, a judgment dissolving the corporation was entered, in an action brought by the attorney-general for that purpose, and Best was again appointed receiver and directed to transfer to himself, as such, the property which he held as receiver in the former proceeding. In August, 1878, an order had been made in the first proceeding passing his accounts up to June 20, 1878, and allowing him certain commissions. In August, 1879, another order was made in the same proceeding passing his accounts to date and allowing commissions computed at the rate of five per cent on receipts and disbursements.

In July, 1882, proceedings were instituted in the second action by the attorney-general to compel an accounting. The attorney-general, upon discovering in these proceedings the said orders so allowing the receiver commissions, moved, in June, 1883, at a Special Term not held by the justice by whom such orders were made, to have the said orders set aside, vacated or resettled, and to have the fees of the receiver fixed at the same rates as those allowed to executors and administrators.

The motion was denied upon the ground that the justice presiding could not review the action of another justice of the same court.

*Held,* that the motion was properly denied for that reason, and that the order should be affirmed, but with leave to the attorney-general to renew his application at a court held by the justice under whose authority the former orders were made.

APPEAL from order of the Special Term, denying a motion to vacate and set aside, or to resettle, certain orders allowing the receiver compensation.

*John C. Keeler,* deputy attorney-general, for the appellant.

*Francis N. Bangs,* for the respondent.

Brady, J.:

The National Trust Company of the city of New York was a moneyed corporation, organized under chapter 460 of the Laws of 1867. On the 14th of December, 1877, an order was made, under the provisions of the Revised Statutes relating to the subject, upon the petition of certain stockholders of the corporation, enjoining it from transacting any further business, and appointing William J. Best receiver for the purpose of winding up its affairs. The receiver qualified at once and entered upon his trust, and converted into cash the assets, which consisted chiefly of marketable securities. Within a period of about six months after thus qualifying, these securities had been reduced to cash and the depositing creditors paid their accounts in full. The corporation had not been dissolved, however, under these proceedings, and consequently, in March, 1879, the attorney-general began an action against the corporation to accomplish that result. In April, following, judgment was rendered to that effect, and Best was appointed receiver, and directed to transfer to himself, as such, the property which he held as receiver in the former proceeding. This he did.

In August, 1878, an order was made in the first proceeding passing the accounts of the receiver from the time of his appointment until the 29th of June, 1878; and it appeared that during that period he had collected from all sources $1,734,642.44, and had disbursed $1,548,400.98. Upon the coming in of the report he was allowed as a commission three per cent on the sum first named, or $52,039.27; and an allowance of $10,000 was also made to his counsel for services. This order was made at Special Term and is dated the 7th of August, 1878, and is predicated of the report of the referee who was appointed to take proof of all the facts and circumstances stated in the report of the receiver, and to examine and pass upon his accounts and to report thereon to this court. On the 7th of August, 1879, a further order was made in the first proceeding at the Special Term, in which it was recited that the receiver having given notice to all persons in anywise interested in the National Trust Company of the city of New York, as required by law, of his intention to present and render to this court, at a Special Term thereof to be held in the county court-house, in the city of New York, on the 9th of June, 1879, at ten o'clock in

the forenoon of that day, a full and accurate account, under oath, of all his proceedings as receiver; and having rendered to the court, pursuant to the statute in such case made and provided, and of such notice, a full and accurate account, under oath, of all his proceedings; and the same having been filed with the clerk of the county on the 12th of June, 1879, an order was thereupon on that day made and entered, pursuant to the provisions of the statute, referring the account so filed to John S. Lawrence and William. A. Boyd, of the city of New York, counselors at law, who were by the order appointed referees to examine the account and to hear and examine the proofs, vouchers and documents offered for and against it, and to report thereon to this court; and to take proof of the claims presented to the receiver for costs and counsel fees mentioned in the schedule of the account, and to report to this court as to whether the same were proper and reasonable charges against the funds in the hands of the receiver; and that the said John S. Lawrence and William A. Boyd having made their report to the court, dated the 30th of July, 1879, and which was filed with the clerk of the county, and by which it appeared, amongst other things, that the referees had examined the account of the receiver so filed and the proofs, vouchers and documents offered for and against the same, and that the receiver, as such, had in his hands the sum of $186,241.46. The receiver was by this order allowed two per cent upon the sum of $1,734,642.44, and five per cent upon the sum of $41,478.69, which had been received in addition to the sum heretofore stated, and which commissions aggregated in all the sum of $89,506.65.

It appears further that in July, 1882, an accounting of the affairs of the receivership was begun by the present attorney-general. On the accounting the receiver asked to be credited with $36,766.73 paid to himself for commissions under the order of August 7, 1879. The attorney-general believing that the receiver was entitled for receiving and disbursing the sum received by him to no greater amounts than those allowed by law to executors and administrators, and that such commission was the only sum with which the receiver could be asked to be credited, made a motion at the Special Term on the first Monday of August, 1882, to resettle the orders of August 7, 1879, so that the fees adjudged to the receiver should

not be more than those allowed by law to executors and administrators. It appears that this motion never was decided, and in December, 1882, the attorney-general withdrew it, having ascertained in the meantime that by an order made August 7, 1878, the sum of $52,039.27 had been allowed to the receiver for commissions. It also appears that the accounting set in motion by the attorney-general had not been closed and that the referee had not made his report at that time, whereupon a motion was immediately made by the attorney-general for leave to intervene in a stockholder's proceeding and to set aside and vacate or resettle the orders of August 7, 1878, and August 7, 1879, and for an order fixing the receiver's fees at the same amount as those allowed by law to executors and administrators. The motion was returnable on the first Tuesday of January, 1883, and it was not heard until the twenty-third of that month. Before the motion was heard the referee had made his report, but it had not been confirmed. The motion was denied for the reason that the justice presiding could not review, as he stated, the action of another justice of this court. Upon this last order the appeal is taken to this court by the attorney-general.

As the object was to reduce the amount of commissions which had been allowed, the application was one to resettle a judgment; and it was not made until nearly three years had elapsed from the time of its entry. No fraud or irregularity in obtaining the judgment was alleged.

There can be no doubt of the jurisdiction of the learned justice who presided when the orders were made, to entertain the proceeding before him, and to make the allowance for commissions; and assuming the sum allowed to be erroneous, as it may be, for the purposes of this appeal, the application should have been made to him to resettle or vacate the order, or an appeal taken for the purpose of reviewing the propriety of the order made. The learned justice at the Special Term therefore very properly determined that an application to vacate or resettle the order or judgment in reference to the commissions, should have been made to the learned justice presiding at the time the orders or judgments were made, if that course were the one which the attorney-general thought best, under the circumstances, to adopt.

To entertain applications of this character would lead to inextri-

cable confusion, and would in effect be asking one judge presiding at the Special Term to review the decisions of another, a practice which for a time prevailed to some extent, it may be, in the history of the jurisprudence of the State, but which was attended with serious, if not disastrous, consequences.

It is not necessary to consider whether the attorney-general has any remedy by way of appeal from the order confirming the report of the referee on the last accounting, nor is it necessary to determine whether he has any interest in the proceeding. It must be assumed that the learned justice who presided when the orders and judgments were made, of which the complaint is predicated, would, on his attention being called to the propositions, make such changes as are demanded by the application of the proper rules of law. And as there seems to have been some error in the amount of the commissions awarded, the better disposition of this matter is to remit it to the Special Term, to be brought on before the learned justice presiding when the orders of August 7, 1878, and August 7, 1879, were directed, for him to make such disposition of the application as, under the circumstances, he shall deem best. The proceedings herein have been set out in detail, so that the necessity of observing and enforcing the rule which prohibits one justice from reversing the order of one of his brethren made in the same tribunal, may be made apparent. The application of the attorney-general before any judge to accomplish the object designed is not warranted upon the decision in the case of *Kamp* v. *Kamp* (59 N. Y., 212) in which the court said : "The application in the case before us is not to reverse the judgment and decision of the court making the orders, or to reconsider the merits of the controversy, but to arrest the proceedings for enforcing a void judgment."

The complaint made in that case was that the order which was the subject of consideration, was made without any jurisdiction, and the court sustained the objection. Nor is the application warranted by anything decided in the case of the *Attorney-General* v. *The North America Life Insurance Company* (89 N. Y., 94).

For these reasons the order suggested should be made.

DANIELS, J.:

It may be assumed in the decision of this appeal that the orders which it was the object of the motion to reconsider, were erroneously or inadvertently made, for the allowances made by them to the receiver exceeded the rate prescribed by the statute for his commissions. But the orders by which the commissions were allowed, were not directed by the justice who presided in the court at the time when the motion resulting in the present order was made. Those orders were made at another term of the court, held by another justice, and upon what was then deemed to be a full consideration of the merits of the respective applications.

The court, as it was then constituted, had jurisdiction to hear and decide the applications, and if the orders were erroneously made, the remedy provided for their correction has been that of an appeal to the General Term by section 1347 of the Code of Civil Procedure.

But while that is the general course of proceeding prescribed for reviewing orders affecting substantial rights, it is not to be regarded as exclusive. For, in addition to the appeal so provided for, the party entitled to complain of the order may still move to vacate or obtain its reconsideration. (*People ex rel. Day* v. *Bergen*, 53 N. Y., 405, 410.)

But an application of that nature made before a court presided over by another justice than the one directing the orders, is practically an appeal from one co-ordinate court to another, and that has not been provided for in the system of practice now prevailing in and governing the courts of this State. The only class of cases in which, by the Code, one justice of the court is authorized to vacate or modify the orders made by another, is that provided in section 772 of the Code of Civil Procedure, and those relating to provisional remedies. Under that section an order, not being a provisional remedy, but made by a justice of the court without notice, may be vacated by the court, although the justice presiding may be another and different person from the one making the order. With this exception, and those included as orders known as provisional remedies, no authority has been, expressly or by any clear implication, given to one justice presiding in court to vacate or reconsider the orders made by another, and the omission to provide such authority is a circumstance indicating it to have been the intention of the legis-

lature that it should not be exercised. And pursuant to that general policy, the power which previously existed of allowing one justice at Special Term to review trials had before another at the circuit has been so far qualified that a motion for a new trial must now be heard before the justice presiding at the trial, if he is living and his term of office has not expired, unless he specially directs it to be heard before another judge of the same court. (Code of Civil Pro., § 1002.)

In its theory the policy of the Code has been to prevent one judge from reconsidering and reviewing the orders which upon motion may have been heard and decided in a court held by another. And that policy has been ordinarily observed and carried into effect by the determinations of the courts themselves before the enactment even of the present Code; and the rule has been very generally adopted and observed where the order complained of has not been obtained by collusion, or there is not an absence of jurisdiction in the tribunal directing it, in either of which cases it may be disregarded, to require the application for its reconsideration, when that is not to be made by a direct appeal from it, to be made in a court held by the same justice originally directing the order. And the only exceptions made to this rule have been to provide for cases where the justice giving the direction may himself have died or ceased to be a member of the court, and orders taken without notice or by default. In those events, as the observance of the rule would be impracticable for the purpose of securing what may be just and right, the application for a reconsideration of the order may then be made before a court held by another justice.

This rule has been very uniformly adhered to, to avoid the unseemly conflict which would otherwise necessarily arise between courts possessing co-ordinate authority, and a departure from its observance has only been sanctioned in the exceptional cases which have already been referred to. ( *Wilson* v. *Barney*, 5 Hun, 257; *Dinkelspiel* v. *Levy*, 12 id., 130.)

Upon this subject it has been justly said that " it would be a very unwise administration of justice and lead to much vexatious litigation if a judge holding one Special Term could upon a mere motion set aside the decision and judgment of another judge at Special Term, upon allegations that the latter had erred as to any of the

questions submitted for his determination. (*Fisher* v. *Hepburn*, 48 N. Y., 41, 53.)

This is without doubt a concise and accurate statement of the rule prevailing in the courts upon this subject, and the application which has now been brought up by appeal was clearly within the principle of this determination. It was further sanctioned in *Kamp* v. *Kamp* (59 N. Y., 212), where it was said, in the course of the opinion, that the case just referred to "gives the true reason why it is not fit that one judge should sit in review of the decisions and judgments of another judge of the same court; and that reason rests not so much on a want of power to correct what has been mistakenly done, as the confusion and vexatious litigation that would be likely to arise from so unwise a course in the administration of justice." (Id., 217.)

It will be seen that these observations are very just and discreet, when the effect of a different practice is considered. For if one judge at a term of court held by him may reconsider the orders or judgments directed by a preceding judge at another court, his own orders or judgments would be liable to re-examination by still another judge, and the investigation could not often be limited to the intervention of a third tribunal. For it might, with the same propriety, be continued from time to time as long as any other differently constituted tribunal could be found that would be willing to take up and examine the case.

The principle or practice which would allow that course of proceeding would necessarily bring the courts as well as their authority into disrepute, and deservedly deprive them of the confidence and respect of the public.

Where the preceding order may have resulted from a default without any actual decision of the court directing it, the principle, of course, would not be applicable. (*Thompson* v. *Erie Railway Company*, 9 Abb. [N. S.], 233.)

But the application which was made in this case was not dependent upon such an order. Neither was either of the contingencies, or qualifications already considered, applicable to the case. For the justice under whose authority the orders were made is still presiding in the same court, and no obstacle whatever stands in the way of an application to him to reconsider the orders because of this erroneous

excess of authority included within their direction. And no doubt at all can be entertained, when the subject shall be brought to his attention, that the proper correction in the allowances of the receivers commissions will at once be made. But if any error or mistake should by any possibility then intervene, the remedy has been clearly proscribed by the provisions of the Code, and that is by way of appeal from the order.

The order in this case should be affirmed, but without costs, and with liberty to the attorney-general to renew his application at a court held by the justice under whose authority the orders to be considered were made.

Present—BRADY and DANIELS, JJ.; DAVIS, P. J., taking no part.

Order affirmed, without costs, and with liberty to the attorney-general to renew the application.