ELLA L. WINTON, RESPONDENT, *v.* WALTER W. WINTON, APPELLANT.

*Action for a limited divorce — no allowance for counsel fees can be made after a judgment has been entered — Code of Civil Procedure, sec. 1769.*

After a judgment in favor of a wife has been entered, in an action brought by her to procure a limited divorce from her husband, the court has no power to make an order requiring the husband to pay any sum of money to the plaintiff's attorney for services which he has theretofore or may thereafter render to her in the action. The fact that the husband has appealed to the Court of Appeals from a judgment of the General Term affirming the judgment of the court below, does not authorize the court to make such an order.

*Anonymous* (15 Abb. [N. S.], 307) overruled.

APPEAL from an order made at Special Term, directing the payment by the defendant of the sum of $250 as a counsel fee for the services of the plaintiff's counsel since the 11th of May, 1882.

*B. F. Sawyer*, for the appellant.

*Edward P. Wilder*, for the respondent.

DANIELS, J. :

Preceding applications of a similar nature had been made in favor of the plaintiff, which had been responded to by the courts with a very generous degree of liberality. And the action itself had finally resulted in a judgment in the plaintiff's favor, which was entered on the 23d of June, 1882. By this judgment the weekly allowances payable by the defendant for the plaintiff's support were declared to be the sum of twenty dollars, and her costs in the action had been taxed and allowed at the sum of thirty-five dollars and ninety-one cents. An appeal from the judgment was taken by the defendant to the General Term, which reduced the weekly allowance to the sum of twelve dollars. This decision was entered on or about the 12th of January, 1883, and it was not until the 19th of March following, that notice of the motion was given which resulted in the order from which this appeal has been brought. At that time the defendant had appealed from the judgment to the Court of Appeals, and it was probably on account of that fact that this order for the payment of the further sum of $250

was made by the court. It was not, however, limited to the expenses to which the plaintiff might probably be subjected on this final appeal, but was made to include the services rendered by the plaintiff's attorney in this action since the 11th of May, 1882. And that necessarily included services which had preceded the judgment. In that respect the order was manifestly without authority, for by the judgment which had been entered in the action all the preceding rights and obligations of the parties were finally disposed of and the court determined the extent of the relief to which the plaintiff had become entitled. Upon this subject it was said in *Kamp* v. *Kamp* (59 N. Y., 212), that " the jurisdiction of the court over the subject matter of the action, and over the parties in respect to all matters involved in it, terminated with the entry of final judgment therein, except to enforce the judgment and carry out its provisions, or to correct any mistakes in the record upon proper applications made, within a reasonable time. The parties from that time were no longer husband and wife, and had no claims upon each other growing out of the relations before then existing between them, except such as were given by the judgment. (Id., 215.) And so far as the order included services antedating the judgment, it was unauthorized within this principle.

The residue of the allowance was also without authority, for the statute has confined the power of the court to allowances of this nature during the time of the pendency of the action. (Code, § 1769.) In this respect this section is the same as the preceding statute, both of which were designed to oblige the husband in a proper case to make suitable provision for the support and maintenance of his wife, until that could be determined and finally adjusted by a judgment entered in the action. Both the language of the statute and the object intended to be promoted by it require this limitation to be placed upon the authority of the court. After the entry of the judgment its exercise becomes unnessary as well as inappropriate, for that must be intended to afford the plaintiff all the relief which, under the circumstances, she can be deemed entitled to demand. After that the proceedings in the case are regulated by other provisions of the Code in no manner extending the continuance of this authority. They are confined to the right of either party to review the judgment, and have prescribed pre-

cisely what shall be done to secure that end. And by no provision contained in the law has the power been conferred upon the court to impose any additional conditions or restrictions upon the party appealing. The right, on the contrary, is absolutely given to either party to appeal, upon giving notice and the security which has been prescribed. And on complying with the law in these particulars, a positive and unqualified right of review has been provided for the defeated party. If the authority to direct allowances of this nature should be held to continue during the pendency of an appeal from the judgment, it might be exercised in such a manner as altogether to defeat that right, and the law has in no form committed its exercise to the court.

It has, on the other hand, as plainly as that could be done, declared what shall be required from the party to entitle him to appeal and to have his appeal heard. And the payment of an allowance of this nature has in no form been by any possibility required for that purpose. The order made, therefore, so far as it was designed to include the expenses of counsel on the appeal to the Court of Appeals was in conflict with these provisions of the Code.

It has been supposed that the Anonymous case (reported in 15 Abb. [N. S.], 307) has etablished a different rule. But that was made upon the conclusion of a motion in which these provisions of the statute do not seem to have been brought to the attention of the court. And as they appear to be controlling they should be followed in preference to the informal decision which was made at that time. The order in the case should be reversed, and the the motion denied, but as the application was made under the countenance of this authority, it should be without costs.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed and motion denied, without costs.