JENNIE E. ERKENBRACH, Appellant, *against* GEORGE A. ERKENBRACH, Respondent.

(Decided January 21st, 1884.)

Under the provisions of the Revised Statutes relating to suits by wife against husband for a separation from bed and board, the court had no power, after the entry of a final decree of separation, to make any provision for the payment of alimony by the husband to the wife, but could, after such decree, order an allowance to be paid by him to her for the care and education of the children of the marriage.

Erkenbrach v. Erkenbrach.

APPEAL from an order of this court denying a motion by plaintiff in an action for separation from bed and board, for an allowance to be paid to her by defendant for her support and for the support and education of the children of the parties.

A decree of separation was granted in this action to plaintiff in August, 1869. The custody of the three children of the parties, (born respectively in 1863, 1865 and 1867), was awarded to plaintiff. No provision for alimony, nor for the support, education, or care of the children was made in the decree. This motion was made in March, 1879. A reference was ordered to take proof as to what would be a suitable and proper allowance, in the nature of alimony, for the plaintiff, and for the support and maintenance of herself and children, and as to the duty of the defendant to pay such allowance.

The referee reported that the defendant should have devoted one third of his income, viz., $1,200 a year, to the support of his wife and children from April, 1877, and that that annual sum should be charged against him since that time, and paid by him thenceforward, every year.

On motion to confirm the report and for an order or decree carrying into effect the conclusions and recommendations contained therein, the court sustained defendant's objection to the jurisdiction of the court, on the ground that the court then had no power to make any allowance whatever to the plaintiff by way of alimony, and denied the motion. From the order entered upon that decision the plaintiff appealed.

*Joseph A. Welsh*, for appellant.

*Joseph J. Marrin*, for respondent.

J. F. DALY, J.—[After stating the facts as above.]—The court had jurisdiction of this motion so far as it involved an application for an allowance, to the plaintiff, for the

care and education of the children of the marriage, who had been commited to her care by the judgment of separation. Section 59 of the statute (2 R. S. 148) provides as follows:

"In any suit brought by a married woman for a divorce, or for a separation from her husband, the court in which the same shall be pending, may, during the pendency of the cause, or at its final hearing, or afterwards, as occasion may require, make such order as between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper, and may at any time thereafter annul, vary or modify such order." [*]

The order of reference required the referee to report as to a suitable and proper allowance for the support and maintenance of the plaintiff and her children. The referee reported a gross sum, instead of reporting separately what allowance was proper for the care and education of the children, so that that application could be passed upon independently of the application for an allowance to the wife for her support.

The report might have been sent back for separate findings as to the wife and children, and the order appealed from may be modified to that extent.

It is proper, however, upon this appeal to examine the question as to whether the court had jurisdiction to make an order for the support of the wife. It will be observed that section 59 of the statute, quoted above, does not authorize an order, after final hearing, for the support of the wife, but only for the custody, care and education of the children.

There is no other statutory provision which authorizes the making of an order, after the final hearing, for the support of either wife or children. This circumstance was deemed conclusive, in the Court of Appeals, on the question whether an order for alimony might be made after a judgment of divorce had been granted (*Kamp* v. *Kamp*, 59 N. Y. 212). The reasoning based on that section is found

---

[*] This provision was repealed (L. 1880, c. 245) upon the enactment in its stead of section 1771 of the Code of Civil Procedure.

in the opinion of Judge GROVER, which, although a dissenting opinion (on a minor question of practice involved), was adopted by the court as an exposition of the law on the main question before the court; Judge ALLEN, who wrote the prevailing opinion, saying "Judge GROVER has clearly demonstrated that the entire procedure to compel the defendant to pay a heavy tribute annually to the plaintiff, under the name of alimony, in a suit terminated by final judgment, divorcing the parties *a vinculo*, and declaring their rights, more than eighteen years before these proceedings were instituted, is not only without precedent but without jurisdiction. As said in substance by Judge GROVER, the jurisdiction of the court over the subject matter of the action and over the parties, in respect to all matters involved in it, terminated with the entry of final judgment therein, except to enforce the judgment and carry out its provisions, or to correct any mistakes in the record, upon proper application, made within a reasonable time. The parties, from that time, were no longer husband and wife, and had no claims upon each other growing out of the relations before then existing between them, except such as were given by the judgment."

Judge GROVER in his opinion says: "The claim of the wife for support is to be determined by her situation and probable wants, and the ability of the husband to provide therefor at the time of making the decree. If, at this time, such facts do not require the court to make such a provision, and it is not made by the decree, it is equally final in respect thereto as though such provision was made. The wife has no right, afterward, to come in and show that, although from her situation, or the circumstances of the husband at the time of rendering the decree, a provision for her support would not have been proper, yet subsequent changes require it to be made. This would entirely set aside that provision of section 45, requiring that, in making such provision, regard must be had to the circumstances of the parties at the time. If the husband, after the dissolution of the marriage, acquires property, the former wife is

not entitled to any increase in her allowance on account of the property so acquired, nor can the husband claim exemption from payment of what is required by the decree, on account of subsequent losses sustained of property which he then had, any more than exemption from the payment of any other judgment which may have been rendered against him. All this appears from section 45 of the statute. But if any possible doubt as to this remained, it would be removed by section 59, which carefully confers the power of subsequently modifying the decree in respect to the custody, care and education of the children of the marriage, while conferring no such power to modify the decree in respect to the support of the wife."

It is true that the learned judge subsequently says: " Cases in which a separation—in other words, of divorce from bed and board,—have been decreed, are not analogous. In the latter, the relation of husband and wife still exists between the parties, the rights and duties resulting therefrom being merely suspended by the judgment. In the former, as we have seen, that relation is terminated by the decree, and the subsequent relation of the parties the same as though no marriage between them had ever occurred."

But this observation as to actions for separation was *obiter*. There was no such case before the court, but on the other hand there was before the court for construction the only statutory provision authorizing an order for maintenance after judgment, either in actions for divorce or for separation, and the court held that provision to be conclusive against the right to an order for alimony after divorce, because it carefully conferred the power to modify the decree as to the support of children, and conferred no such power as to the support of the wife. This reasoning applies with equal force to actions for separation, for the section thus construed to be exclusive as to the power of the court, embraces by its terms both actions. The distinction drawn by Judge GROVER between actions for divorce and separation was not adopted by the court either expressly or

impliedly. The distinction is not warranted by the effect given by him to the statute under examination, and cannot be recognized by us if the reasoning in *Kamp* v. *Kamp* is to control. The order appealed from should be modified by denying the motion to confirm the referee's report so far as allowance or alimony to the plaintiff is concerned, but referring the petition to a referee to ascertain and report a suitable and proper allowance to plaintiff for the past and future care and education of the children of the marriage.

No costs of this appeal to either party.

BEACH, J., concurred.

CHARLES P. DALY, Ch. J., dissented.

Order modified, and as modified, affirmed.*

---

* The order entered upon this decision was affirmed by the Court of Appeals, October 7th, 1884 (see 96 N. Y. 456).

