## STAHL *v.* STAHL.

*(Supreme Court, General Term, First Department. January 13, 1891.)*

1. DIVORCE—ALIMONY—DECREE—MODIFICATION.
    In a final decree for divorce and for alimony the court may insert a further provision allowing any party interested to make any application thereafter for such modifications thereof touching the allowance for support as the changed conditions of the parties, or either of them, by death or otherwise, may render necessary. *Kamp* v. *Kamp*, 59 N. Y. 212, distinguished.

2. SAME—INCREASE OF ALIMONY.
    The amount of alimony may at any time be enlarged by consent of the defendant, where the court has preserved its jurisdiction by such reservations in the final decree.

3. SAME—PROCEEDINGS TO ENFORCE DECREE—CONTEMPT.
    An *ex parte* application for process against the person of the defendant for contempt in the non-payment of alimony cannot be granted, even though based on a decree which provides that such application may be made, for the defendant is entitled to an order to show cause against such process.

Appeal from special term, New York county.

Action for divorce by Lillian Stahl against Richard Stahl, in which judg-ment was entered for plaintiff. The court refused to vacate a subsequent order increasing the alimony allowed or to set aside a commitment of defend-ant for failure to pay it, and he appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Bonne Loewy*, for appellant. *Gilbert R. Hawes*, for respondent.

BRADY, J. The scope of the decision of *Kamp* v. *Kamp*, 59 N. Y. 212, seems to have been misunderstood by the counsel for the appellant, and has led him into errors which have very much enlarged the sphere of this appeal. In that case it was decided, it is true, that in an action for a divorce *a vin-culo* the jurisdiction of the court over the subject-matter of the action and the parties with respect to all matters involved in it terminates with the en-try of final judgment therein, save for the enforcement or correction of the judgment. Therefore, if no provision be made in the decree for alimony, it is to be presumed that the court decided adversely to the claim of that allow-ance, and the decree is equally final as if such provision had been made. It appeared in that case, it should be noted, that the application was made in a suit terminated by final judgment divorcing the parties *a vinculo* more than 18 years before the proceeding was instituted, and therefore was regarded without precedent and without jurisdiction; and it followed, as a matter of course, that the order which was complained of, being made without jurisdic-tion, was utterly void and unavailable for any purpose,—a doctrine which could be set up collaterally or otherwise, and therefore could be employed upon a motion. That case is entirely different from this. The court, in pro-nouncing judgment herein, declared that if the plaintiff should survive the defendant, or any other event should occur materially changing the circum-stances of the parties, or either of them, an application might be made at the foot of the order, decree, and judgment, by any party in interest, for such modifications of the judgment touching the said allowance for support as might be put, in view of any right, title, and interest in or claim to the estate, real or personal, of the said Richard Stahl which might then have accrued to her, by act and operation of law, or in view of any such other event. The reservation of this right of supervision, being a part of the original decree, was designed to continue the subject to which it related within the jurisdic-tion of the court, and was, in effect, a continuation of the power of the court over the subject and the parties, and was not as to alimony a final judgment. In that respect, therefore, it differed from the judgment considered in the case just cited, and is in no respect kindred to it.

The counsel for the appellant is also in error in supposing that the amount of alimony established by the final decree cannot be enlarged by the consent of the defendant, as was done in this action, and which presents, therefore, an entirely different feature from that of *Kamp* v. *Kamp*, in which the ap-plication was made for an increased allowance, and opposed by the defendant. This is not a case or proceeding in which the court had no jurisdiction. On the contrary, it had jurisdiction of the subject-matter and of the parties, and preserved it by the decree to which reference has been made. The consent was therefore abundantly sufficient to enlarge the allowance. It was germane to the subject, and within the line of the reservation of power mentioned. This view disposes of a number of suggestions contained in the brief of the appellant's counsel, and, among others, that the court had no power in the final decree to provide for execution against the person of the defendant for the alimony therein ordered to be paid. That, having been part of the orig-inal decree, could be taken advantage of only by appeal. If the defendant were arrested, however, in a proceeding against him for the non-payment of alimony, it would be one in the nature of a contempt. The statutory require-ments thereof could not be dispensed with notwithstanding the decree, and

therefore upon that particular subject the decree was of no practical utility. It neither inured to the benefit of the plaintiff, nor to the disadvantage of the defendant. Whatever methods are provided for, the enforcement by imprisonment for the non-payment of the alimony ordered must be adopted, no matter what the nature of the decree may be; and orders relating to it, being unauthorized, might doubtless, under the decision in *Kamp* v. *Kamp*, *supra*, be disregarded, and therefore, in reference to such a subject, are wholly immaterial.

It is not important, either, to consider the suggestion of Justice ANDREWS as to the effect of section 1487 of the Code, in relation to proceedings for the non-payment of alimony ordered by the decree, inasmuch as the proceeding itself, as already suggested, would be controlled by the provisions of the Code relating to the subject, and which must necessarily be invoked and complied with in any such proceeding. It may be remarked here that in the different points presented by the counsel for the appellant the decision in the case of *Kamp* v. *Kamp* has been arrayed as an authority sustaining the doctrine advanced in each, but, as we have seen, that case is not applicable here, for the reason that the order in reference to the alimony complained of was made authoritatively, and therefore not without jurisdiction.

Out of a multitude of points presented on behalf of the appellant one alone seems to be forcible, and that is that granting an *ex parte* application for process against the person of the defendant for non-payment of alimony was not authorized by law, and could not be sustained, even when based on a decree which provides that an application may be made *ex parte* for such process if the defendant fails to obey its mandates. The application, under such circumstances, must necessarily rest upon the affidavit of the plaintiff or her attorney as to the non-payment of the alimony. That, however, is not conclusive evidence, though *prima facie* sufficient to warrant an order to show cause, and does not become so until after the return of the order, and the omission of the party proceeded against to deny or explain. Aside from these considerations, it does not appear that any execution or process against the person of the defendant had been issued herein, and the motion which resulted in this appeal was therefore premature. *Non constat* that any process would be issued except in the mode provided by law; and the object of the proceeding would seem to be, as suggested in the papers presented on behalf of the plaintiff, to enable the defendant to come into this jurisdiction, and remain here for such time as he might safely do so, in expectation of a hostile proceeding in reference to alimony. It must also be suggested that the defendant made the application out of which this appeal grew by his attorney when his client was designedly, and, it may be said, unjustifiably, out of the jurisdiction. Nevertheless the proceedings were entertained; the counsel for the appellant supposing erroneously that, as all the proceedings complained of were irregular according to the decision in *Kamp* v. *Kamp*, and the right proclaimed by that case to dispose of the various objectionable features of the judgment roll and of the proceedings complained of by motion, he could proceed in that mode without waiting for the return of his client to our jurisdiction, or the attempted enforcement of anything hostile against his client. It is a striking illustration of what misconception of an adjudication and its doctrines may lead to in its attempted application to a particular case embracing features and elements without its purview, and therefore uselessly employed.

It may be said, in conclusion, that the following expression with regard to the merits of this case, indulged by the learned justice presiding in the court below, has a fitting place here: "I am not called upon in deciding this motion to express any opinion as to the merits of the controversy, which has been going on between the plaintiff and the defendant for several years, but I may say that, so far as appears by the papers before me, the defendant is not en-

titled to any special consideration at the hands of the court. The decree was made after a long hearing, and adjudged that the defendant had been guilty of adultery, and granted a divorce to the plaintiff. The decree and subsequent order, made, as above stated, upon the written consent of the defendant and his then attorney, awarded alimony to the plaintiff, and it is conceded that a large part of such alimony has not been paid, and it is claimed that the defendant is able to pay the same, but has left and remains out of this state to avoid the process of the court. Being in contempt of the decree and order of the court, he is not in a very good position to ask the court to exercise extraordinary and doubtful powers in his behalf." For these reasons the order appealed from should be affirmed, with $10 costs. All concur.