LIDA G. CHAMBERLAIN, APPELLANT, *v.* ALLEN CHAMBERLAIN, RESPONDENT.

*Divorce — alimony — an application therefor must be made before, and be included in, the final judgment — after judgment the court has no power to modify the judgment.*

In 1889 a wife brought an action against her husband for a divorce upon the ground of adultery, in which she recovered judgment. The complaint did not demand alimony nor any allowance for the maintenance of the children.

In 1890 she applied to the court to have the judgment modified so as to provide for the payment to her by the husband of certain sums for the education and maintenance of the children.

*Held,* that the application was properly refused as the court had no power after the entry of final judgment to modify it.

That the Code of Civil Procedure (§ 1759, sub. 2, and § 1771) now requires that an application for an allowance in the nature of alimony must be made before, and be contained in, the final judgment where the action is for a divorce.

That it is otherwise where the action is for a separation.

That the former rule, found in section 59, title 1, chapter 8, part 2 of the Revised Statutes, allowing such an application to be made after judgment in an action for a divorce, was abrogated by the Code of Civil Procedure.

*Wells* v. *Wells* (10 N. Y. St. Rep., 248), not followed.

APPEAL by the plaintiff Lida G. Chamberlain from an order of the Supreme Court, entered in the office of the clerk of the county of Broome on the 4th day of February, 1891, denying a motion to amend the judgment in this action by inserting a provision therein

requiring the defendant to pay to her certain sums for the education and maintenance of the children of the parties.

The action was brought in the year 1888, and the motion was made in the year 1890.

*H. S. Williams*, for the appellant.

*A. D. Wales*, for the respondent.

MARTIN, J. :

This action was for divorce. The judgment granted the plaintiff an absolute divorce and the custody of their two infant children. The plaintiff sought by motion at Special Term to obtain an order modifying it so that it should provide for the payment by the defendant to the plaintiff of certain sums for the support, care, maintenance and education of the children. The plaintiff's complaint asked for a judgment of divorce and the custody of the children, but contained no prayer for alimony or for any allowance for such care and maintenance. The Special Term denied the appellant's motion upon the sole ground that it had no authority to grant the relief sought. Thus the only question before us is, whether the court possessed the power to order such a modification of the judgment.

It is well settled that the courts of this State have no common-law jurisdiction over the subject of divorces, and that their authority is confined to the exercise of such express and incidental powers as are conferred by statute. (*Erkenbrach* v. *Erkenbrach*, 96 N. Y., 463.) Therefore, we must seek for authority to modify this judgment, if it exists, in some statute by which the power to do so was expressly or incidentally conferred. Do the statutes as they now stand, or as they stood when this judgment was entered, confer such authority? This question is dependent for its solution upon the construction of the present statutes relating to this subject, as there has been no change since this action was commenced.

Before the adoption of the last eight chapters of the Code of Civil Procedure, actions like this were regulated by the provisions of the Revised Statutes. Section 59, title 1, chapter 8, part 2 of the Revised Statutes provided : " In any suit brought by a married woman *for*

*a divorce,* or for a separation from her husband, the court in which the same shall be pending may, during the pendency of the cause, or at its final hearing, *or afterwards,* as occasion may require, make such order, as between the parties, for the custody, care and education of the children of the marriage, as may seem necessary and proper, and may, at any time thereafter, annul, vary or modify such order."

Under the provisions of this statute it was held that, after a final decree, an order might be granted in such an action making provision for the care, custody and education of the children of the marriage, and that there was no distinction in this respect between an action for separation and one for an absolute divorce. (*Erkenbrach* v. *Erkenbrach, supra ; Washburn* v. *Catlin,* 97 N. Y., 623.) That statute was, however, repealed by chapter 245 of the Laws of 1880.

The Code of Civil Procedure now contains the only existing statutes relating to the subject. It is provided by section 1759, subdivision 2, that where the action is brought by the wife, " The court may, *in the final judgment* dissolving the marriage, require the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of the plaintiff, as justice requires, having regard to the circumstances of the respective parties." While section 1771 declares, " Where an action is brought by either husband or wife, as prescribed in either of the last two articles (being articles two and three, the former relating to an action for divorce, and the latter to an action for separation), the court must, except as otherwise expressly prescribed in those articles, give, either in the final judgment, or by one or more orders made from time to time *before final judgment,* such directions as justice requires between the parties for the custody, care and education of any of the children of the marriage. Where the action was brought, as prescribed in article third of this title, the court may, by order, at *any time after final judgment,* annul, vary or modify such a direction."

These sections of the Code are a revision of sections 45 and 59 of title 1, chapter 8, part 2 of the Revised Statutes. Mr. Throop, in his notes to those sections of the Code, states that sections 45 and 59 have, in the revision, been so amended as to make them conform to the theory of the decision of the Court of Appeals in *Kamp* v. *Kamp*

(59 N. Y., 212), where it was held that, in an action for divorce *a vinculo*, the jurisdiction of the court over the subject-matter of the action, and over the parties in all respects to matters involved in it, terminates with the entry of final judgment therein, save for the enforcement or correction of the judgment; that where the action is by the wife, her claim for alimony is to be determined by the situation of herself and husband at the time of making the decree; that, if no provision for her is made therein, it is to be presumed that the court decided adversely to her claim, and the decree is equally final as if such provision had been made; and that the court has no power, on subsequent application showing circumstances thereafter arising, to award alimony.

Thus, if we rely upon the notes to those sections as evidence of the intent of the amendments, it would seem that it was intended to change the rule as it existed under the former statutes, so that, after judgment in an action for an absolute divorce, the judgment could neither be modified nor an order made so as to provide for the care, custody and education of the children if not provided for by such judgment, or by changing the provisions of the judgment in that respect, and by applying to such a case the same rule as formerly existed in regard to alimony for the wife under the decision of *Kamp* v. *Kamp*. This intent is made more manifest by the change made in the language of the statute. The former statute provided, that in such an action the court might, during the pendency of the action at its final hearing, *or afterwards*, make the order. The statute as it now stands provides that the court may make such an order before final judgment (§ 1771); and such a provision may also be included in the final judgment (§ 1759, sub. 2). There is now no provision in the statute authorizing the making of such an order after judgment. Thus it becomes quite evident that it was the intention of the legislature to change the statute as stated in Mr. Throop's notes to the Code. This is rendered more obvious by the last paragraph of section 1771, which provides, where the action is for a separation that the court may, at any time after final judgment, vary or modify such direction, but makes no such provision when the action is for a divorce.

It is true that in *Wells* v. *Wells* (10 N. Y. St. Rep., 248) a contrary doctrine was held; but an examination of that case discloses

that the court construed section 1771 as though it expressly provided that an order might be granted in an action for a divorce annulling, varying or modifying a direction as to the care, custody and education of the children contained in a judgment in such actions. It is quite manifest that the fact that the last paragraph of that section is applicable only to an action for a separation, and not to an action for a divorce, escaped the attention of the court. This misapprehension is so apparent, from reading the opinion in that case, that we do not think it should be followed.

The other cases cited by the appellant were decided under the statute as it existed before the adoption of that portion of the Code which relates to this subject. These considerations lead us to the conclusion that the order appealed from should be affirmed.

HARDIN, P. J., and MERWIN, J., concurred.

Order affirmed, without costs to either party.