VASHTI F. MILDEBERGER, Plaintiff, *against* OLIVER H. MILDEBERGER, Defendant.

(Decided June 25th, 1883, and January 21st, 1884.)

In an action by a wife against her husband for separation from bed and board, judgment was rendered granting such separation, allowing to plaintiff, as alimony, a yearly sum equal to one half the aggregate net incomes of the parties, and adjudging that, to make plaintiff's income equal to one half such aggregate net income, defendant should pay to plaintiff a specified sum per annum from the time of the commencement of the action, the amount so to be paid by him to be diminished or increased annually, if necessary, in order to preserve the equality of their respective incomes; and provision was made for subsequent applications to the court, by plaintiff, for the enforcement and security of the alimony

awarded, and by defendant, to modify the judgment, in respect to the past alimony, by showing his pecuniary inability to comply therewith. Such application on the part of defendant was made by him, and the judgment was thereupon amended by relieving him from the payment of the alimony from the time of commencement of the action, as ordered, on account of his inability to pay the same, and fixing the date of the judgment as the time from which he should pay alimony. *Held*, that the provision respecting back alimony having been thus expunged from the judgment, payment thereof could not be enforced upon defendant subsequently becoming able to pay it by inheriting a large sum of money and other property; but that, his income being thereby increased, his annual payment to plaintiff should be increased to a sum sufficient to equalize their respective incomes. Under the provision of the judgment for such increase it was immaterial whether the increase in defendant's income was due to the appreciation of property which he had at the time of the judgment, or to property subsequently acquired; and such provision was proper, as the relation of husband and wife between the parties still existed.

APPEALS from orders of this court entered upon motions to enforce payment of alimony under a judgment of separation from bed and board.

Judgment was rendered in the action on March 17th, 1878, separating the parties from bed and board, and allowing, as alimony, to plaintiff, a yearly sum equal to one half the aggregate net incomes of the parties, to be diminished or increased annually, if necessary, in order to preserve the equality of income. The judgment further provided that such alimony, at the rate of $1,000 per annum, should be paid to plaintiff by defendant from February 19th, 1874, the date of the commencement of the action. Provision was also made for the plaintiff applying to the court for such remedies as she might be advised were necessary and proper for the protection of the rights and the enforcement and security of the allowance or alimony awarded ; and for the defendant applying to the court, on motion, to modify the judgment in respect to the past alimony, by showing his pecuniary inability to comply therewith.

Defendant subsequently applied to the court, on motion, for a modification of the decree, fixing the date of the decree as the time from which alimony should be payable,

so as to relieve him from the payment of past or back alimony, alleging his pecuniary inability to pay the same. An order was accordingly made on June 16th, 1878, modifying and amending the judgment by relieving defendant from the payment of any alimony from February 19th, 1874, to the date of the decree, and releasing defendant from the payment thereof, and further amending and modifying the judgment by fixing the date of said decree or judgment as the time from which defendant should pay alimony.

On January 19th, 1882, plaintiff moved the court that defendant be compelled to pay the sum of $4,077.78, back alimony accruing between February 19th, 1874, and the date of the decree, with interest; that he be compelled to make a sworn and detailed statement of his income from September 17th, 1880, and pay to plaintiff any amount that might be found necessary to equalize the incomes of the parties in accordance with the decree of March 17th, 1878; that he be compelled to give security for the payment of any alimony the court had ordered or might order; that his personal property and the rents and profits of his real property be sequestered and a receiver thereof be appointed; and for other relief.

The papers on which the motion was made showed that defendant, since the making of the said order modifying and amending the judgment, had inherited a large sum of money and other property, and had acquired sufficient means to enable him to pay such back alimony.

The motion so far as it related to the payment of back alimony was denied, and all other questions were reserved until after the report of a referee appointed to ascertain and report to the court the money, properties and income received by the respective parties since September 17th, 1880. From so much of the order entered upon this decision as denied the motion for payment of back alimony, plaintiff appealed.

*H. M. Whitehead*, for appellant.—The decree was an adjudication that the plaintiff was entitled to have from the

defendant a sum sufficient to equalize the incomes of the respective parties; that there was due at the date of decree $4,077.78, and the defendant was directed to pay the amount.

There has been no decree, order, or amendment, by which it has been determined that the plaintiff was not justly, equitably, nor legally entitled to it. It has never been decided, nor decreed, that the money was not due. In that respect the judgment remains unimpaired, fixed and absolute, as the final judgment of the court.

The defendant applied for a modification of the decree, and it was modified and amended, *not* by determining that the money was not due the plaintiff, but by relieving the defendant from that provision in the decree which directed him to pay, under which he might have been imprisoned if he had failed to pay.

The question, therefore, now, for the first time is presented to the court, whether the defendant, having the means, should not be required to pay that which they have decreed that he owes, and that the plaintiff should justly receive from him.

The amendment of the decree only deprived plaintiff of her remedy. It did not destroy her right, and the remedy should now be restored.

The decree reserved to the plaintiff the privilege of applying to the court thereafter "for such remedies as she may be advised are necessary and proper for the protection of her rights and the enforcement and security of her alimony."

*Wheeler H. Peckham,* for respondent.—Defendant cannot be compelled to pay the back alimony, even though he is now pecuniarily able to pay it. The order relieving him from its payment is plain, absolute and unconditional. No power lies in the court to act as to that back alimony except under the decree, and under it defendant has been forever relieved (59 N. Y. 212; 18 Hun 466).

The claim that it was the court's intention, when relieving defendant by that order, to restore the liability in case he became able to pay, cannot be sustained. If such had

been its intention it would have made such provision in the order.

J. F. DALY, J.—When by the order of June 16th, 1878, the judgment was amended by fixing as the date from which alimony was payable the date of the judgment, March 17th, 1878, instead of the date of the commencement of the action, February 19th, 1874, the provision as to back alimony was expunged from the judgment of separation as completely as if it had never been incorporated therein.

There was, therefore, no basis for plaintiff's motion to compel payment of back alimony, since there was no judgment or record awarding it. The motion was properly denied, and the order appealed from should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Order affirmed, with costs.

Upon the reference to ascertain the money, properties and income received by the respective parties since September 17th, 1880, pending which the other questions arising upon plaintiff's motion were reserved, the referee reported the amount of income received by plaintiff since that date, and that defendant had refused through his counsel to submit any proof concerning his income.

This report was confirmed, and an order entered thereupon denying plaintiff's motion, the court holding that it was for her to show such increase or decrease of the respective incomes as would entitle her to the relief asked for; but at the same time an order was granted that defendant show cause why the case should not be sent back to the referee for further proof, and on the return of the order to show cause it was so sent back. After taking further proofs, the referee made a report as to the property and income of the respective parties, which was confirmed, and an order was entered thereupon determining the amounts of the income

and property received by the parties respectively, adjudging that income received by defendant from property' acquired since the decree was subject to the provision therein for equalization of incomes, and fixing the increased amount to be paid by defendant to plaintiff for such equalization of incomes; and denying so much of the motion as asked for security by defendant for the payment of the alimony, the sequestration of his property and the appointment of a receiver thereof. Defendant appealed both from the order sending the case back to the referee, and from the order increasing the amount of alimony; and plaintiff appealed from a part of the latter order, covering the decision that the money and property received by defendant subsequent to the decree did not constitute income.

*H. M. Whitehead,* for plaintiff. — The whole sum of $65,566.29, received by defendant, should be deemed income and divided as provided by the decree. Defendant's acts and his testimony show that he has not treated and does not intend to treat these moneys and bonds as principal, and have settled their character as income.

Assuming that the bonds are to be considered as capital, defendant has determined, by his failure to invest the $24,566.29 of moneys, and use of $9,000 thereof, that the moneys were income and not capital. Plaintiff should have been awarded one half of the moneys, or at the very least, a sum equivalent to that appropriated by defendant.

The order sending the case back to the referee, from which defendant appeals, was discretionary, and properly made. If not, the acceptance of costs under it, and voluntarily proceeding with the reference, estops the defendant from objecting.

Property acquired after a limited divorce is subject to the wife's equity, and liable for her support, in the same manner and to the same extent as that acquired before. *Kamp* v. *Kamp* (59 N. Y. 212) and *Park* v. *Park* (18 Hun 466) were both cases of absolute divorce, and the principle there asserted has no application in cases of limited divorce

(*Kamp* v. *Kamp*, 59 N. Y. 221; 2 Bishop Marriage and Divorce, § 448; *Sparhawk* v. *Sparhawk*, 120 Mass. 390; *Covell* v. *Covell*, 2 Eng. L. R. 411).

The property of the defendant should be sequestered and a receiver thereof appointed for the protection of the plaintiff's rights.

*Wheeler H. Peckham*, for defendant.—Plaintiff's alimony cannot be increased because of defendant's increased income from property received since the decree was entered. The provision of the decree as to equalization of income had reference to the property the parties then had, and did not and could not relate to after acquired property (*Kamp* v. *Kamp*, 59 N. Y. 212; *Park* v. *Park*, 18 Hun 466).

Even if the decree as to alimony is held to relate to after acquired property, this application has been entertained and denied by the order of May 5th, 1882.

The court had no authority to send the case back to the referee after and in view of the order of May 5th, 1882, denying plaintiff's motion.

If the decree does relate to after acquired property and income therefrom, the moneys and securities received by defendant by the death of his sister are not income, as plaintiff claims. They are principal; and only the income derived from them, if anything, is subject to the provisions of the decree.

CHARLES P. DALY, Chief Justice.—There is no ground for the appeal from the order referring the case back to the referee, to take further proof in the matter of the equalization of the income of the parties. No proof was given on the previous application of the defendant's income, it being the impression of the plaintiff's attorney that each party would be required to prove their respective incomes, as matters especially within their knowledge, which was also the view taken by the referee; and as the defendant refused to give any proof of his income, the report was made by the referee to the court without any evidence upon

the subject, and that being the case, the plaintiff's motion for an increase of alimony was necessarily denied. The judge, however, by whom the application was denied, gave the plaintiff, on the day when the order denying the motion was entered, an order to show cause why the case should not be sent back to the referee for further proof, and to enable the plaintiff to obtain this relief he stayed the defendant's proceedings for twenty days, and upon hearing the motion granted the application upon terms; the payment of the costs of the motion and of the referee's fees. Whether such a motion should be granted or not was a matter of discretion; and there is nothing in the papers to show that it was such an improper exercise of discretion as to require the court on appeal to reverse the order.

The judgment granting the divorce from bed and board provided that the defendant should pay to the plaintiff, as a suitable allowance for alimony for her separate maintenance from his income, a sum sufficient to make one half of the aggregate net income of the plaintiff and of the defendant, and as the plaintiff's income at that time was $2,700, and the net income of the defendant $4,700 per year, it was ordered that the defendant pay to the plaintiff annually $1,000. The judgment also provided that the amount to be paid by the plaintiff might be increased or diminished annually, if necessary, in order to preserve the equality of the respective incomes; and contained a further provision, that the plaintiff should be at liberty to apply to the court thereafter for such remedies as she might be advised were necessary and proper for the protection of her rights and the enforcement and security of the alimony allowed her; and that the defendant should also have liberty to apply to the court to modify the judgment in respect to the payment of past alimony by showing his pecuniary inability to do so, which application was made by him, and his inability being shown, the provision respecting past alimony was expunged from the judgment; a matter which this court, in affirming at the present term the order of Judge VAN BRUNT, has

refused to reconsider upon the proof offered that he is now able to pay the past alimony.

The judgment contemplated that there might be thereafter an increase or diminution of the income of either party, and the right of either to make a future application was based simply upon the fact of an increase or of a diminution of income. There is nothing in the judgment to denote that it meant income from property which both parties then possessed, and was not to include income from property which either of them might thereafter acquire. The object of this provision was to preserve the equality of their respective incomes, and it applied alike to an increase of the income of either the wife or the husband, for if the wife's income should, through subsequently acquired property or otherwise, be largely increased, the court, in accordance with this provision, could diminish proportionably the amount of alimony payable by the husband. In *Holmes* v. *Holmes* (4 Barb. 295), there was a decree of separation from bed and board, and the wife, having afterwards acquired by legacy property amply sufficient for her support, the husband was relieved from any further payment of alimony under the decree. And in *Whispell* v. *Whispell* (4 Barb. 217), in which a separation was decreed for inhuman treatment, as the wife had an annual income from her dower right in the farm of her former husband, the payment of alimony was not imposed upon the husband. In such separations the general rule is, that the court may, during the separation, on any material change of the circumstances of the parties, increase or diminish the amount of the alimony (Bishop on Marriage and Divorce, §§ 593, 562 1st ed.; *Westmeath* v. *Westmeath*, 3 Knapp 42; *Pemberton* v. *Pemberton*, 2 Notes of Cases 17).

The defendant relies upon the decision of the Court of Appeals in *Kamp* v. *Kamp* (59 N. Y. 212), and that of *Park* v. *Park* (18 Hun 466), decided by the Supreme Court in conformity with *Kamp* v. *Kamp*, for the proposition which he submits that the decree in this case, in the provision which it made in respect to alimony, had refer-

ence. to the property which the parties then had, and did not and could not relate to after-acquired property. But *Kamp* v. *Kamp* was a very different case from this. It was a decree dissolving the marriage contract, and as the parties, from the time of the rendering of such a judgment were no more husband and wife, and had no claim upon each other growing out of the relations theretofore existing between them, the court held that the jurisdiction of the court over the subject matter of the action, and over the parties to it, terminated with the entry of a judgment of this final character, except as to what might be given by the judgment; and as the court decreed a separation *a vinculo*, and made no provision for alimony, but on the contrary decided adversely to the plaintiff's claim to it, the judgment was held to have been final, not only as a matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided. The decision was put by Judge ALLEN, who delivered the opinion of the majority of the court, upon this broad ground, and not upon the provisions in the Revised Statutes regulating divorces, applying to the case the rule laid down in *Le Guen* v. *Gouverneur* (1 Johns. Cas. 436), that the judgment being final in its nature the parties were forever concluded as to the matters determined in it. He held that the plaintiff was effectually cut off from all alimony by the judgment itself, and that, when the judgment was pronounced, the court lost all jurisdiction over the defendant for every purpose except to enforce the judgment.

Judge GROVER, who delivered the dissenting opinion, also regarded the judgment as final, but relied especially upon the statutory regulations in actions for divorces, adverting particularly to the 45th section of the 3d article of 2 Revised Statutes 145, regulating divorces dissolving the marriage contract, which provides that in decrees dissolving the marriage, on complaint of the wife, a further decree may be made compelling the husband to provide for the maintenance of the children, and for the support of the wife, "as

Mildeberger *v.* Mildeberger.

the court should deem just, *having regard to the circumstances of the parties respectively,*" which Judge GROVER very properly construed, in such a judgment, as meaning the circumstances of the parties when the judgment dissolving the marriage tie was rendered; holding that, if the husband, after dissolution of the marriage by a final judgment of this nature, acquired property, the former wife was not entitled to any increase in her allowance, nor could the husband claim exemption from payment of what was required, by such a judgment, on account of subsequent losses, any more than exemption from the payment of any other judgment which might have been rendered against him; and in the *per curiam* opinion, on denying the motion for re-argument, the decision of the court was put upon the ground that the former action had been finally terminated by the judgment, without the allowance of alimony or the reservation of that question as to alimony for future consideration or reserving leave to the plaintiff to apply for alimony on the foot of the judgment.

Judge GROVER was careful to state in his opinion that cases like this where a separation from bed and board is decreed were not at all analogous, because in such separations the relation of husband and wife still continues; the rights and duties resulting therefrom being merely suspended by the judgment; whereas, in divorces *a vinculo,* that relation is terminated by the decree, and the future relations of the parties are as though no marriage between them had ever occurred. The statutory provisions in the two cases, moreover, are different. In the 3d article regulating divorces dissolving the marriage contract (2 Rev. Stat. 144), the enactment is (§ 45), that the court may, after decreeing a dissolution of the marriage contract, make a further decree compelling the husband to provide for the maintenance of the children, and such suitable allowance for the support of the wife, as the court may deem just, *having regard to the circumstances of the parties respectively,* but the enactment in the 4th article relating to separation, or limited divorces (2 Rev. Stat. 146, § 54), is different and

much broader. It is that, upon decreeing such a separation, the court may make such further decrees as the *nature* and *circumstances* of the case may require, and may make such order and decree for the suitable support of the wife and her children, by the husband, out of his property, as may appear just and proper.

There is, therefore, in this case not only this distinction between it and a judgment dissolving the marriage tie, but the judgment here expressly provided for increasing or reducing the plaintiff's alimony thereafter, in the future event of an increase or diminution of their respective incomes; and in this feature comes distinctly within the reservation or exception adverted to by the Court of Appeals in the *per curiam* opinion before referred to.

The judgment provided that thereafter " the amount to be paid by the defendant might be diminished or increased *annually*, if necessary, in order to preserve the equality of their respective incomes." What the referee had to ascertain, therefore, was whether the respective incomes had increased or diminished; which he did. It was found that the income of both had increased ; and whether the increase in the defendant's income was due to the appreciation of property which he had at the time of the decree, or to property subsequently acquired, was wholly immaterial.

The judgment makes no provision for such a distinction. It refers only to a future increase or diminution of their respective incomes. It drew no distinction as to the sources from which their incomes were or might be derived; nor did it predicate anything upon events that might thereafter transpire, producing an increase or diminution of income. It provided simply for an annual increase or diminution of the alimony if necessary to equalize their respective incomes; which was proper, as the relation of man and wife between them still existed, and the parties might resume their former relation upon producing satisfactory evidence to the court of their reconciliation (2 Rev. Stat. § 56, p. 147). The referee reported the amount of the increase in both up to September 11th, 1880, and upon his report the court ordered

that the defendant should pay to the plaintiff $447 for the equalization of their incomes between September 11th, 1880, and September 17th, 1882, and that the defendant, until the further order of the court, should continue to pay alimony to the plaintiff, for the equalization of their respective incomes, at the rate of $295.33 per annum from September 17th, 1882, which was a proper equalization of their incomes upon the evidence, under the provision in the judgment.

The facts disclosed in the evidence are not of a character to call for the appointment of a receiver or to require the defendant to give security for the amount to be hereafter paid to the plaintiff.

The order appealed from by both parties should be affirmed.

J. F. DALY, J.—I concur in affirming the order appealed from.

BEACH, J., concurred.

Order affirmed.